UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PATRICK HARRISON,<br><br>    Plaintiff,<br><br>v.<br><br>PAUL HEWSON aka BONO, et al.,<br><br>    Defendants. | Case No. 09-cv-1531-TSZ-JPD<br><br>REPORT AND RECOMMENDATION |

Plaintiff Patrick Harrison, proceeding *pro se*, has filed an application to proceed *in forma pauperis* ("IFP") in this proposed civil action against Paul Hewson (also known as Bono) and Gavin de Becker. Dkt. No. 1. After careful consideration of Plaintiff's IFP application, Dkt. No. 1, proposed complaint, Dkt. No. 1, Att. 1, the governing law and the balance of the record, the Court recommends that Plaintiff's case be DISMISSED without prejudice and his IFP application be DENIED as moot.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), this Court may deny an application to proceed IFP and should dismiss a complaint if it is frivolous or fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The United States Supreme Court has also held that courts may dismiss IFP complaints *sua sponte* without notice if the claim is based on an

REPORT AND RECOMMENDATION
PAGE - 1

1  "indisputably meritless legal theory" or "factual contentions [that] are clearly baseless."
2  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

3  Here, Plaintiff has filed an incomprehensible complaint. *See* Dkt. No. 1, Att. 1. In
4  short, the proposed complaint sets forth a string of rambling statements that: (a) fail to identify
5  what federal statutory or constitutional provisions the named defendants allegedly violated; (b)
6  fail to demonstrate how the named defendants caused any alleged injury to Plaintiff; and (c)
7  fail to establish that this Court has jurisdiction over the action. Because this action appears
8  frivolous and fails to state a claim upon which relief can be granted, it is subject to dismissal
9  under 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(b)(6).

10  The Court advises Plaintiff of his responsibility to research the facts and law before
11  filing a complaint in federal court in order to determine whether his claim for relief is
12  frivolous. If Plaintiff files another frivolous action, he may be sanctioned. *See* Fed. R. Civ. P.
13  11. The Court would likely impose a sanction of dismissal on any frivolous complaint. If
14  Plaintiff files numerous frivolous complaints, the Court may bar him from proceeding in this
15  court as a vexatious litigant. *See DeLong v. Hennessey*, 912 F.2d 1144, 1146-48 (9th Cir.
16  1990) (discussing vexatious litigant bar order requirements).

17  Accordingly, the Court recommends that Plaintiff's case be DISMISSED without
18  prejudice and his IFP application DENIED as moot. 28 U.S.C. § 1915(e)(2)(B). A proposed
19  Order accompanies this Report and Recommendation.

20  DATED this 10th day of October, 2009.

*James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge